[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
The plaintiff, Condominium Association filed an CT Page 1212 application with the defendant commission to amend a special permit that was initially approved in September of 1981. The original application allowed for the building of a 62 unit condominium which contained a requirement that at least one person residing in each unit be elderly as that term was denied in the zoning regulation. The term "elderly" was defined then and remains now "62 years or older". The applicant has now requested that the language of the special permit be changed to "at least one occupant of each unit shall be 55 years or older" and in subsequent correspondence and at the hearing made the claim that such a change was mandated in order to comply with the Federal Fair Housing Act of 1988 and the comparable state statutes enacted in 1990.
After the hearing the commission denied the application by a 5-2 vote for the following reasons:
 1) The age change is not in the best interest of the Town's welfare.
 2) The condominiums would become non conforming if the age change were granted since the condominiums would no longer be housing for the elderly as defined in the Westport Zoning Regulations.
 3) An opinion dated June 19, 1991, from the Westport Town Attorney's office states in part, "that there is no danger of conflict between the Town's age limit for elderly housing and the more lenient standards permitted under order or state law".
 4) Adequate reasons for the modification requests were not submitted into the record proceedings.
The plaintiffs have appealed that decision claiming that reasons 1, 2, and 4 are "clearly arbitrary and contradict the evidence submitted", and that the commission's denial prevents the plaintiff association from complying with federal and state housing acts.
The plaintiffs also made the claim that the denial was illegal in that one of the seven commissioners who participated in the decision, Robert MacLachlan, failed to disqualify himself because of a preconceived opinion with reference to the plaintiff's application. That opinion of MacLachlan's, set forth in his memo date February 25, 1991, and sent to two other commission members discussed his opinion as to whether the Town's CT Page 1213 definition of "elderly" violated either Federal or State law. What is clear, however, is that when the motion to deny the plaintiff's application was voted upon, five commission members voted in favor of the motion and two including Mr. McLachlan voted against it. Whatever his reasons may have been, Mr. MacLachlan did not vote to deny the plaintiffs' application.
Aggrievement
The defendant in its answer and brief contests the Fact that any of the plaintiffs is aggrieved, either statutorily or classically. The court was reviewed the briefs on that subject and concludes that all the plaintiffs are aggrieved in one way or another to maintain this appeal.
Disregarding the claim that present federal and state law renders the age condition illegal, certainly the association itself, acting on behalf of its members, would have the right to petition the defendant commission for an amendment to the earlier special permit if circumstances warranted and then to appeal from an adverse decision.
Although the court finds aggrievement it is not for the reason maintained by the plaintiffs that the denial of the amendment caused the Whitney Glen Condominium Association Inc. to violate both Federal and state housing statutes. Put more simply the individual owners of condominium units and their association which was unanimously directed to file the original application are aggrieved by the decision because as was testified to at the hearing, they are now restricted to a smaller market pool to sell their units to, which may have the effect of rendering their units harder to sell. Their standing arises from their ownership and the association's from its representative capacity.
Law
Having resolved the issue of aggrievement, the court will now look to the commission's decision to determine whether it can be supported. To do so requires a consideration of not only what the applicant sought at the public hearing, but what reasons it gave in support of that application. There is no doubt that it requested that the age limitation in its permit, that at least one occupant per unit be elderly (62), be changed to age 55. The only reason given for the requested change in the application, at the public hearing and in their brief is that the present permit is inconsistent with the definition of elderly housing in the 1988 federal "Fair Housing Act" and its state counterpart the Connecticut Fair Housing Statute CGS 46a-64, and thus renders all of the plaintiffs in violation of those laws and their permit itself in violation of the law. CT Page 1214
The plaintiffs' attorney has long maintained that position going back to the fall of 1990. That position generated an opinion requested by the defendant commission from its town attorney, which opinion dated December 11, 1990, would appear to support the plaintiff's legal argument. That opinion generated discussion and research by certain commission members, which resulted in a memo on the subject from commission member, Robert MacLachlan, to other commission members taking issue with the original position expressed by the town attorney. In subsequent letters and memos dated April 24, 1991 (Ret. of Rec. Exhibit 7) and June 19, 1991 (Ret. of Rec. Exhibit 17) the town attorney. Mr. Hammond, changed his earlier position in the matter and so advised the commission. This factual presentation is necessary to understand exactly where the Planning and Zoning Commission was on the night of the public hearing on this matter. Not only did the applicant ask the commission to determine the applicant's compliance or non compliance with Federal and/or State law, but wanted it further to apparently ignore the opinion of its Town Attorney.
It is this court's opinion that the defendant commission had no authority to determine that issue and decided the case on zoning considerations. The right to zone rests on a reasonable exercise of the police power. Summ v. Zoning Commission of the Town of Ridgefield, 150 Conn. 791 (1964). A planning and zoning commission is a creature of statute and its powers are limited to those expressly given to it which are necessary to carry out its objective. Baker v. Norwalk, 152 Conn. 312,314 (1965). Nowhere within the statutory scheme is a planning and zoning commission given the power to determine legally whether or not its regulations or permits are in violation of state or federal law.
There clearly appears to be a difference of opinion among the attorneys as to the effect subsequent Fair Housing legislation of the state and federal government has had upon the plaintiff's permit. The disposition of that legal controversy certainly cannot be given to a lay commission for its resolution. As that issue could not and was not decided by the defendant, it is not before the court for decision. That issue could be litigated in many different forums.
That, however, does not mean that the commission was powerless to amend any earlier conditions of the special permit for a valid zoning reason which was within the purview of the defendant's authority.
The plaintiffs contend that Commissioner MacLachlan should have disqualified himself because of his memo of February 25, CT Page 1215 1991 on the subject of the claimed violation of federal and state law, his earlier opposition to a reduction from age 62 to age 55 concerning accessory apartments in Westport and his claimed hostile attitude against the plaintiff's attorney at the public hearing.
The court has reviewed the hearing transcript and finds no such attitude to have been proven. Mr. MacLachlan admitted his opposition on the accessory apartments issue, maintained that was a completely different issue and considered himself open minded. The court finds no reason to dispute that position. The court has already determined that the _legal issue concerning the violation of the state or federal housing statutes was not legally before the commission and therefore Mr. MacLachlan's opinion on that subject which was eventually concurred in by the town attorney provides no basis for disqualification. He simply had no direct or indirect personal or financial interest in the matter. It is of interest to note that the plaintiffs do not claim that any board member who agreed with its position on the fair housing issue had a preconceived notion, but apparently it only applied to those who disagreed with their position.
Lastly and most importantly when the vote to deny the plaintiff's application was made, five board members voted to deny it while Mr. MacLachlan and one other member voted against the motion.
The commission gave three basic reasons for its denial of the application which the court will now examine. It concluded that no adequate reasons were submitted at the public hearing in support of the application. This court agrees. The only reason offered in support of the application by the plaintiff's counsel and the two individual plaintiffs who provided testimony concerned the claimed conflict between their permit and federal and state law governing fair housing. At the hearing on aggrievement the individual plaintiff's related how the change would improve the marketability of their units by expanding the pool of prospective buyers, but that the claim was not made at the public hearing.
The commission further concluded that the change would render the condominium non conforming in that it would no longer be housing for the elderly (62 years or older) as defined in the Westport Zoning Regulations. The plaintiffs claim that the condominium is already non conforming and thus cannot become non conforming. The fact that the board has the power to expand a non conforming use under certain conditions as the plaintiffs argue does not change the fact that it has, by doing so altered the original non conformance. This obviously is what the defendant CT Page 1216 commission meant by what it stated as a reason. Whitney Glen would have an exclusive definition of elderly.
Lastly the commission stated that the age change is not in the best interest of the town's welfare. At the public hearing a letter in opposition was read into the record from Howard Brody, Chairman of the Housing Authority of Westport. His letter as well as the testimony of Kevin O'Brien, Chairman of the Commission for the Elderly in Westport, described the negative impact this change will have on the availability of senior housing in the future. They concluded that these changes would effectively reduce the housing choices available to the elderly at a time when the senior population is increasing. They further concluded that this situation can only lead to higher prices. No one at the hearing seriously disputed these positions. The Town of Westport has developed regulations for elderly housing and applications which are inconsistent with those goals may certainly be described as not being in the Town's welfare.
The court is well aware that in these bad economic times, all forms of property ownership have been adversely affected. The pool of prospective purchasers and prices have fallen precipitously, but that is not a reason for changing housing policy that is otherwise sound. The Whitney Glen Condominium and its predecessor fought long and hard in the courts to achieve their status as a private elderly housing facility in the Town of Westport. They knew then when they first applied and when subsequent purchasers bought that the definition of elderly was 62 years or older. No one is trying to take anything away from them. The present economic times and the fact that they would like to broaden their sales base are insufficient reasons to upset sound policy for providing for the housing needs of the elderly. For all of the foregoing reasons the appeal is denied.
JOSEPH T. GORMLEY, JR. JUDGE